# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| CARLO MCINTOSH, | Case No. CV 17-04702-JAK (RAO) |
|---|---|
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's Complaint, all of the other records and files herein, and the Magistrate Judge's Report and Recommendation ("Report") issued on July 3, 2018. Dkt. 25. The Court has also conducted a *de novo* review of those portions of the Report to which the Commissioner has objected. This Order addresses those four objections.

*First*, the Commissioner objects to the Report's reliance on *Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005), and contends that it is factually distinguishable. Objections, Dkt. 26 at 3. This argument is unpersuasive. The Report cites *Webb* only as to the legal standard that applies with respect to the

finding of a severe impairment at step two. That citation is not dependent on the facts presented in *Webb*. Thus, even assuming that the facts presented in *Webb* are different from those at issue here, that would not affect its precedential effect as to the controlling legal standards. *See* Report at 5, 14.

*Second*, the Commissioner cites the opinions of the state agency medical consultants, and states that they are inconsistent with the opinion of Dr. Malinowski, who was the examining psychologist. *See* Objections at 4-5. The Commissioner contends that, in light of these conflicting opinions, the Magistrate Judge applied the wrong legal standard in assessing the evaluation by the ALJ of Dr. Malinowski's opinion. *See id.* This objection is without force. As the Commissioner concedes (*id.* at 4), the ALJ did not discuss the opinions of the state agency medical consultants. Therefore, the reviewing court cannot affirm that administrative decision based on such opinions or by making independent findings or relying on evidence that was not addressed by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The ALJ discussed and weighed only the opinions of Dr. Malinowski and Dr. Borden, a medical expert who provided limited, non-conflicting testimony at the administrative hearing. *See* Report at 9-10. Therefore, the Report correctly applied the "clear and convincing" standard when it considered the reasons stated by the ALJ for placing little weight on the opinion of Dr. Malinowski.

*Third*, the Commissioner argues that the reliance by the Magistrate Judge on *Edlund v. Massanari*, 253 F.3d 1152 (9th Cir. 2001), was "misguided." In support of this position, the Commissioner argues that, unlike the physician in *Edlund*, Dr. Malinowski was unaware of Plaintiff's substance abuse. Objections at 5-6. This position is not supported by the record. Indeed, the record shows that Dr. Malinowski noted a diagnosis for Plaintiff of polysubstance dependence, recognized that Plaintiff was "[c]urrently sober," and recommended that Plaintiff "[c]ontinue sobriety through support groups [and] sober living environments" along

1 | with positive activities to reduce his risk of substance use. Administrative Record ("AR") at 596. The Commissioner contends that Dr. Malinowski's failure to question Plaintiff's representation of sobriety was a valid reason to reject Dr. Malinowski's opinion. Objections at 6. However, as the Report notes (Report at 10), neither speculation by the ALJ with respect to Plaintiff's drug use, nor his doubts about Plaintiff's overall credibility, is a sufficient basis to reject Dr. Malinowski's opinion. *See Edlund*, 253 F.3d at 1159.

*Finally*, the Commissioner observes that the record includes several inconsistent statements by Plaintiff that support the ALJ's finding that he lacked credibility. *See* Objections at 6-7. The Commissioner contends that the one inconsistent statement identified by the ALJ was cited "as an example among others." *Id.* at 7. The Commissioner adds that Plaintiff also made inconsistent statements as to refusing medication and reporting that he was stable. Therefore, the Commissioner argues that "this is not a case of an isolated discrepancy in Plaintiff statements as the [Report] appears to suggest." *Id.* This argument fails because the ALJ did not rely on those alleged inconsistent statements to support the finding that Plaintiff lacked credibility. Nor are these statements relevant to the finding by the ALJ that Plaintiff gave "inconsistent report[s] regarding the history of his polysubstance abuse and dependence." AR at 16. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (a court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely").

\*           \*           \*

For the reasons stated in this Order, the objections of the Commissioner are overruled, and the findings, conclusions, and recommendations of the Magistrate Judge are accepted and adopted. Therefore, the decision of the Commissioner of

3

Social Security is reversed and the matter is remanded for further administrative action consistent with this Order.

IT IS SO ORDERED.

Date: November 13, 2018

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE